IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **TASER International, Inc.,**<br><br>                Plaintiff,<br><br>v.<br><br>**Karbon Arms, LLC,**<br><br>                Defendant. | Civil Action No. 11-426-RGA |

MEMORANDUM ORDER

Presently before the Court is Plaintiff TASER International, Inc.'s Motion to Exclude the Testimony of Val DiEuliis Regarding Electrophysiology (D.I. 123) and related briefing (D.I. 141, 160). Dr. DiEuliis has offered opinions on the following limitations of U.S. Patent No. 7,800,885: "compliance signals of the group differ in intensity of pain compliance," "compliance signals of the group differ in intensity of skeletal muscle contraction," and "effective duration." Because these terms relate to the physiological effects of electricity, a subject which Dr. DiEuliis has disclaimed any expertise, TASER asks that his testimony on these limitations be excluded under Fed. R. Evid. 702 and *Daubert*.

Karbon does not dispute that Dr. DiEuliis is not an expert in electrophysiology. (D.I. 141 at 3). However, Karbon argues that Dr. DiEuliis need not be an expert in electrophysiology for his testimony to be admissible because he is a person of ordinary skill in the art. (D.I. 141 at 3). Essentially, Karbon argues that Dr. DiEuliis' testimony does not concern electrophysiology, but electrical engineering, something about which he is qualified to testify.

Karbon's argument misses the mark. As Dr. DiEuliis has admitted, he is not an expert in electrophysiology. (D.I. 123 at 3). Therefore, Dr. DiEuliis cannot testify concerning electrophysiology. While Karbon argues that his testimony only concerns electrical engineering, TASER has pointed to numerous instances where Dr. DiEuliis attempts to rebut TASER's electrophysiology expert (D.I. 124 Ex. B at ¶¶ 480-87), opines on the stimulation of nerves, muscular response to electricity, and muscle contractions (D.I. 135 Ex. T at ¶¶ 225-36), and offers an electrophysiological definition of the term "effective duration" (D.I. 124 Ex. B at ¶¶ 455-68). This testimony is improper.

Dr. DiEuliis may not testify concerning electrophysiology. He may testify to those things within his expertise. It is difficult to tell beforehand where that line is drawn, but I expect it will be clear during trial.

For the reasons discussed above, TASER's motion (D.I. 123) is hereby **GRANTED**.

Entered this 18th day of December, 2013.

*/s/ Richard G. Andrews*
United States District Judge