IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

**TASER International, Inc.,**

                Plaintiff,

    v.                                                  Civil Action No. 11-426-RGA

**Karbon Arms, LLC,**

                Defendant.

MEMORANDUM ORDER

Presently before the Court is Plaintiff TASER International, Inc.'s Motion to Exclude the Testimony of Mark Gallagher Regarding Reasonable Royalty Damages (D.I. 125) and related briefing (D.I. 143, 159). Mr. Gallagher has offered his opinion on a reasonable royalty, which is based on a lower boundary, three quantitative inputs, and his application of the *Georgia Pacific* factors. TASER asks that his testimony on these limitations be excluded under Fed. R. Evid. 702 and *Daubert* because they are not based on a reliable foundation or reliable methodology.

The lower boundary which Mr. Gallagher uses is based entirely on Karbon Arms' CEO's statement that a $.05 per unit royalty rate would be appropriate. Mr. Gallagher next considered three numbers to inform his opinion, the first number being TASER's lost profits as a percentage of sales, which is 16.5%. While Mr. Gallagher did not expressly state as such, this appears to be the upper boundary, or what TASER would consider a reasonable royalty. The next two numbers which Mr. Gallagher relies upon are TASER's and Karbon's respective R&D costs for product development, 3.6% to 6.7% and 10% to 22%. Mr. Gallagher does not explain why these numbers are important, or how they affect the calculation of a reasonable royalty.

Mr. Gallagher then discusses relevant *Georgia Pacific* factors and arrives at the conclusion that a royalty rate of 2% to 3% of revenues would be appropriate. While TASER argues that Mr. Gallagher's *Georgia Pacific* analysis is based on facts contradicted in the record, I need not reach that argument.[1] Mr. Gallagher offers almost no basis as to how he arrived at his royalty rate other than that he considered the above numbers and factors. This is the quintessential *ipse dixit* justification. Mr. Gallagher's reasonable royalty analysis is not based on any reliable methodology, and therefore fails *Daubert* and is excluded under Fed. R. Evid. 702.

For the reasons discussed above, TASER's motion (D.I. 125) is hereby **GRANTED**.

Entered this 19th day of December, 2013.

Richard G. Andrews
United States District Judge

---

[1] I do note that Mr. Gallagher relied upon a Karbon engineer's testimony regarding a possible design around. There is insufficient evidentiary support for this to form a basis of the reasonable royalty analysis. Expert testimony would be needed in order to establish the feasibility and cost of a design around. Such expertise is outside the scope of Mr. Gallagher's report.